# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-1939

———————

Scott Shepard,                          *
                                        *
          Plaintiff-Appellee,           *
                                        *
    v.                                  *   Appeal from the United States
                                        *   District Court for the Southern
Lance Ripperger; Chris Hardy;           *   District of Iowa.
                                        *
          Defendants-Appellants,        *        [UNPUBLISHED]
                                        *
Des Moines Police Department,           *
                                        *
          Defendant.                    *

———————

Submitted:  January 14, 2003

Filed:  January 29, 2003

———————

Before LOKEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

Scott Shepard is suing Lance Ripperger and Chris Hardy of the Des Moines Police Department for unreasonable arrest under 42 U.S.C. § 1983 (2000). Ripperger and Hardy moved for summary judgment, claiming qualified immunity for arresting Shepard in connection with their official police duties. The district court denied qualified immunity, and Ripperger and Hardy (the officers) appeal.

The events leading to Shepard's arrest began when Shepard's friend asked him for help moving furniture to the friend's former residence. Shepard agreed to help and arranged for a mutual friend, Brian Peck, to help as well. When Shepard and Peck arrived with the furniture, a police squad car was at the residence. The landlord opened the door to the residence, permitting Shepard and Peck to unload the furnishings. After moving the furniture inside, Shepard went out to the truck. The police called Peck over to the squad car, asked his name, and informed him they were investigating the theft of furnishings from the residence, some of which Peck appeared to have returned. Shepard waited a few minutes then approached his friend (and the police), asking his friend if he was ready to go. One officer told Shepard, "we'll need your name," to which Shepard responded, "I don't think so." The officers then stepped out of their car and ordered Shepard to place his hands on the hood of the car. Shepard did so, but immediately moved his hands a few inches above the car, stating "the hood is hot." Police arrested Shepard for interference with official acts. All criminal charges against Shepard were dismissed.

To avoid summary judgment based on qualified immunity, Shepard must "assert a violation of a constitutional right, show the alleged right was clearly established at the time of the alleged violation, and raise a genuine issue of material fact about whether [the officers] would have known their alleged conduct would have violated his clearly established right." Kukla v. Hulm, 310 F.3d 1046, 1048-49 (8th Cir. 2002). The officers can avoid this lawsuit "if they could have reasonably believed their conduct was lawful in light of clearly established law and the information they possessed." Id. Shepard asserts his right to be free from an unreasonable seizure, here an arrest lacking probable cause. The right to be free from unreasonable seizure is clearly established, and not challenged by the officers. The main issue is whether the officers reasonably believed they had probable cause to arrest Shepard, thus reasonably believing their actions were lawful. Shepard was arrested for violating Iowa Code section 719.1, interference with official acts. A person commits interference with official acts when he "knowingly resists or

obstructs anyone known by the person to be a peace officer . . . in the performance of any act which is within the scope of the lawful duty or authority of that officer." Iowa Code § 719.1 (2001). The parties disagree about whether the interaction was a consensual encounter or a Terry stop, and whether Shepard's refusal to give his name or place his hands directly on the hot car hood provided probable cause for arrest for interference with official acts. Having reviewed the denial of summary judgment based on qualified immunity de novo, viewing all facts and reasonable inferences in the light most favorable to Shepard, we reverse.

The officers claim the encounter with Shepard was a Terry stop and, as such, the officers were permitted to ask questions of Shepard in the course of investigating the report of stolen furniture. We agree. In our view, the facts described above warrant the conclusion that the police had reasonable suspicion to justify their Terry-based encounter with Shepard. United States v. Dawdy, 46 F.3d 1427, 1429-30 (8th Cir. 1995).

The Supreme Court has declined to decide whether a person may be punished for refusing to identify himself in the context of a lawful investigatory stop that satisfies the Fourth Amendment. Brown v. Texas, 443 U.S. 47, 53 n.10 (1979). Because the legality of refusing to identify oneself to police is an open question, it is not clearly established law for the purpose of denying qualified immunity. Risbridger v. Connelly, 275 F.3d 565, 572 (6th Cir. 2002); Gainor v. Rogers, 973 F.2d 1379, 1386 n.10 (8th Cir. 1992); Tom v. Voida, 963 F.2d 952, 959 & n.8 (7th Cir. 1992). The Tenth Circuit has adopted a different view of the open question, concluding that because the law is not clearly established that a citizen may refuse to answer questions during an investigative stop, the officer could lawfully arrest the person for failure to comply. Oliver v. Woods, 209 F.3d 1179, 1189-90 (10th Cir. 2000). The Ninth Circuit has ruled that arresting a person for refusing to provide his or her name violates the Fourth Amendment, but this position has not been adopted by other federal Courts of Appeals or the Supreme Court. See Carey v. Nevada Gaming

-3-

Control Bd., 279 F.3d 873, 881-82 (9th Cir. 2002) (holding arresting a person for refusing to provide his or her name violates the Fourth Amendment); see also Risbridger, 275 F.3d at 572 (comparing circuit holdings).  Indeed, when reviewing a Ninth Circuit decision that included this holding, the Supreme Court expressly declined to decide whether arrest for refusing to give one's name to the police violates the Fourth Amendment. Kolender v. Lawson, 461 U.S. 352, 361 n.10 (1983).

The district court cites an Iowa Court of Appeals case that concludes refusing to give one's name without some other ground for reasonable suspicion does not provide probable cause for arrest.  See State v. Hauan, 361 N.W.2d 336, 340 (Iowa Ct. App. 1984).  Because the facts in Hauan are distinguishable from the facts in this case, we do not think Hauan clearly establishes that these officers could not arrest Shepard for failing to give his name.  In Hauan, police arrested a bar patron for refusing to give his name during an investigation of bar operations.  The Iowa Court of Appeals found that because the officers had no reason to suspect this man of any crime, the mere fact that he was present during an investigation did not permit the officers to compel him to reveal his name.  Indeed, Hauan distinguishes its facts from cases where refusal to identify oneself amounts to obstructing justice because there was probable cause to believe the arrestee was connected to some criminal activity.  Hauan, 361 N.W.2d at 340.  An earlier panel of this Court reached similar results where a person was arrested for walking in the street at 10:30 at night.  Fields v. City of Omaha, 810 F.2d 830, 835 (8th Cir. 1987).  We found the person's presence in the street did not give rise to reasonable suspicion to demand that the person answer questions.  Id.  In contrast, here the officers were investigating a report of stolen property when Shepard and Peck arrived with the property in question in their truck.  We think these circumstances are sufficiently different from the "in the wrong place at the wrong time" circumstances in Hauan, thus  Hauan does not clearly establish that the officers could not arrest Shepard for failing to give his name.

Because we conclude the law is not clearly established about whether refusing to identify oneself provides probable cause for arrest, the officers are entitled to qualified immunity in connection with their official acts. We reverse the district court's denial of summary judgment and remand for proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.